UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUBEN HOGUE,

      Petitioner,

                                                                                                       File No. 1:07-cv-173

v.

                                                                                                        HON. ROBERT HOLMES BELL

STATE OF MICHIGAN,

      Respondent.
                                                /

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

This matter is before the Court on a habeas petition filed pursuant to 28 U.S.C. § 2254 by Petitioner Ruben Hogue. (Dkt. No. 1.) The Magistrate Judge has issued a Report and Recommendation ("R&R") recommending that this Court deny the petition. (Dkt. No. 40.) Petitioner has filed objections to the R&R. (Dkt. No. 43.) This Court is required to make a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). For the reasons that follow, the Court will overrule Petitioner's objections and adopt the recommendations of the R&R.

Petitioner first objects to Magistrate Judge's issuing a ruling on Petitioner's double jeopardy claim without considering certain transcripts of a hearing before the state court that

Petitioner contends are missing from the Rule 5 materials before the Court. The basis for Petitioner's double jeopardy claim is his assertion that he was retried after the prosecution intentionally provoked the defense to move for a mistrial. *See Oregon v. Kennedy*, 456 U.S. 667, 676 (1982) ("Only where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion."). In state court, Petitioner's counsel moved to vacate the conviction on double jeopardy grounds and the court denied the motion, in part, because Petitioner's counsel conceded that he could not offer evidence to establish that the prosecution intended to provoke a mistrial. (Dkt. No. 40, R&R 22-23.) Petitioner contends that the missing transcripts will show that Petitioner's trial counsel argued to the state court judge that she was being goaded into a mistrial. However, the arguments of Petitioner's counsel are not evidence that the prosecution intended to provoke a mistrial. Moreover, even if such transcripts exist, they are not relevant to the disposition of Petitioner's habeas claim. Regardless of what Petitioner's counsel argued to the judge in connection with his motion for retrial in 2005, it was Petitioner's burden to show that the prosecutor's intent was to provoke a mistrial when he presented the double jeopardy issue to the state court in 2006. For the reasons stated in the R&R, it was manifestly reasonable for the state court to determine that no double jeopardy violation had occurred. *See* 28 U.S.C. § 2254(d).

Petitioner also objects to the denial of his due process claim that is based on the

admission into evidence of prior uncharged crimes. In his objections, Petitioner points to the allegedly prejudicial evidence that was admitted at trial, but Petitioner does not object to the determination of the R&R that there is no clearly-established Supreme Court precedent holding that the admission of propensity or "bad acts" evidence violates due process. (R&R 25-26.) On *de novo* review, the Court agrees with the determination of the R&R.

Third, Petitioner objects to the denial of his due process claim that is based on the presentation of allegedly perjured testimony by a prosecution witness, Brad Little. Little testified that certain cocaine charges against him had been dropped, whereas Petitioner contends that the charges were, in fact, for possession of methamphetamine. Petitioner argues that the prosecution knew or should have known that this testimony was false because an officer working with the prosecution knew Little during the time that Little was being held in jail for these charges. However, there is no evidence that this officer knew that Little was charged with possession of methamphetamine rather than cocaine. The officer confirmed Little's testimony that the charges were for possession of cocaine. (Dkt. No. 19, Trial Tr. 138.) The Court agrees with the R&R that the record indicates that the prosecution's knowledge of Little's charges came from Little himself. Any doubts as to the veracity of Little's testimony were raised by *defense* counsel when she indicated in her opening statements that the charges were related to methamphetamine. (Dkt. No. 18, Trial Tr. 154.)

Finally, Petitioner objects to dismissal of his *Brady* claim. Petitioner asserts that the prosecution is required to disclose exculpatory evidence, but Petitioner does not address the

determinations in the R&R that: (1) the allegedly undisclosed information was not material to Petitioner's defense; and, (2) the government was not required to disclose information that was readily available from other sources. For the foregoing reasons, the Court will overrule Petitioner's objections and adopt the R&R.

Having addressed the merits of Petitioner's claims, the Court will determine whether to grant a certificate of appealability. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Upon review, the Court has determined that Petitioner cannot make the showing required under *Slack*. Petitioner's claims are unsupported both legally and factually, and several of his claims are meritless for multiple independent reasons. A reasonable jurist would not find the Court's assessment of Petitioner's constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation (Dkt. No. 43) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 40) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to all of Petitioner's claims.

A judgment will be entered that is consistent with this memorandum opinion and order.


Dated: February 12, 2010                         /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE